IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CT-3053-BO

FILED

DEC 0 2 2010

DENNIS P. IAVARONE, CLERK
US DISTRICT COURT, EDNC
BY_____DEP CLK

BOYCE S. MONEYHAN and DONALD )
NELSON, )
         Plaintiffs, )
          )
v. ) **ORDER**
          )
ALVIN W. KELLER, et al., )
         Defendants. )

Boyce S. Moneyhan and Donald Nelson filed this action pursuant to 42 U.S.C. § 1983, Title II of the Americans with Disability Act of 1990 ("ADA"), and the Rehabilitation Act of 1973 ("Rehabilitation Act"). The matter comes before the court for frivolity review pursuant to 28 U.S.C. § 1915. Three other motions filed by the plaintiff are also presently pending and ripe for determination, a motion to amend (D.E. # 8), a motion for certification of a class action (D.E. # 6), and a motion for appointment of counsel (D.E. # 10).

Prior to conducting this frivolity review, plaintiffs filed a Motion to Amend the Complaint (D.E. # 8). A party may amend his pleading once as a matter of course within 21 days after serving it. Fed. R. Civ. P. 15(a)(1)(A). The court shall allow the September 3, 2010, Motion to Amend (D.E. # 8). Therefore, the court conducts the frivolity review as to both the original complaint and the Motion to Amend. Section 1915 provides that courts shall review complaints in which prisoners seek relief from a governmental entity or officer, and dismiss such complaints when they are "frivolous." 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiffs allegations arise in the context of "Earned Time Credit" and the denial of such due to the handicapped or medical status of these plaintiffs. Plaintiffs name as defendants: Alvin W. Keller, Jr., Robert C. Lewis, Jennie Lancaster, Reginald R. Mewborn, Kenneth Jones, Reginald E.

Midgette, Bradley J. Bannon, Gray Jones, Harold Webster, Chris Batten, Stephen Warren, Ricky Dudley, Ann E. Reid, Mark Freeman,[1] David Mitchell, Michael Slagle, and Lisa Aldridge. It does not clearly appear from the face of the complaint that plaintiffs are not entitled to relief, thus the matter is ALLOWED to proceed.

Secondly, Petitioners, as a pro se litigant, has no standing to assert claims on behalf of other detainees. See Hagan v. Rogers, 570 F.3d 146, 159 (3rd Cir. 2009); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (per curiam). Therefore, petitioners' request for class certification is DENIED.

Lastly, there is no constitutional right to counsel in civil cases, but courts should exercise their discretion to request counsel for pro se civil litigants "only in exceptional circumstances." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975); Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. United States Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989). The existence of exceptional circumstances depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant, 739 F.2d at 163 (quotation omitted). This case does not present these exceptional circumstances. Further, having survived the frivolity review, North Carolina Prisoner Legal Services (NCPLS) will be ordered to investigate the matter.

For these reasons, the matter is ALLOWED to proceed and the Clerk is DIRECTED to continue management of the case; the motion to amend is ALLOWED (D.E. # 8); motion for class

---

[1] Within the motion to amend he substitutes Mark Freeman, Assistant Unit Manager, with John Doe.

certification is DENIED (D.E. # 6); and the motion for appointment of counsel is DENIED (D.E. # 10).

SO ORDERED, this the ___ day of December 2010.

*[signature]*
TERRENCE W. BOYLE
United States District Judge