IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CT-3053-BO

BOYCE S. MONEYHAN and DONALD )
NELSON, )
        Plaintiffs, )
)
v. ) **ORDER**
)
ALVIN W. KELLER, et al., )
        Defendants. )

Boyce S. Moneyhan and Donald Nelson filed this action pursuant to 42 U.S.C. § 1983, Title II of the Americans with Disability Act of 1990 ("ADA"), and the Rehabilitation Act of 1973 ("Rehabilitation Act"). Plaintiffs allegations arise in the context of the denial of "Earned Time Credit" due to the handicapped or medical status of these plaintiffs. On December 2, 2010, the court reviewed the matter pursuant to 28 U.S.C. § 1915 and allowed the complaint to proceed. Now before the court are numerous motions filed by plaintiffs: a motion to expedite (D.E. # 16), renewed motion for appointment of counsel (D.E. # 18), motion for relief (D.E. # 25), motion for preliminary injunction (D.E. # 28), request for documents (D.E. # 30), addendum to the renewed motion to appoint counsel (D.E. # 31), motion for entry of default (D.E. # 39), motion to compel (D.E. # 41), motion for entry of default (D.E. # 46), and motion for deposit of funds in interest bearing account (D.E. # 47). Defendants have also filed a motion for protective order (D.E. # 48).

i.     The Court's Continued Frivolity Review

Prior to conducting the original frivolity review, plaintiffs filed a Motion to Amend the Complaint (D.E. # 8). The court allowed the September 3, 2010, Motion to Amend (D.E. # 8). As previously stated, plaintiffs allegations arise in the context of "Earned Time Credit" and the denial of such due to the handicapped or medical status of these plaintiffs. Plaintiffs name as defendants:

Alvin W. Keller, Jr., Robert C. Lewis, Jennie Lancaster, Reginald R. Mewborn, Kenneth Jones, Reginald E. Midgette, Bradley J. Bannon, Gray Jones, Harold Webster, Chris Batten, Stephen Warren, Ricky Dudley, Ann E. Reid, Mark Freeman,[1] David Mitchell, Michael Slagle, and Lisa Aldridge. While the court originally allowed all defendants to proceed, the court "shall dismiss the case at any time if the court determines that - the action . . . is frivolous . or fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(I) and (ii).

To avoid dismissal for failure to state a claim under Fed.R.Civ.P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. The court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. Id. at 555. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. Id. at 558.

A pro se plaintiff's complaint must be broadly construed under this standard. Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). The generous construction to be given the pro se litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991). A reviewing court need not accept "mere conclusions characterizing pleaded facts." Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th

---

[1] Within the motion to amend he substitutes Mark Freeman, Assistant Unit Manager, with John Doe.

Cir.1990); see also Twombly, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (quotations and citations omitted)).

Section 1983 does not create any substantive rights. Almand v. DeKalb County, Ga., 103 F.3d 1510, 1512 (11th Cir.1997). "[I]t merely provides a remedy for deprivations of federal statutory and constitutional rights." Id. To sustain a cause of action under § 1983, a plaintiff must prove that he was deprived of a federal right by a person acting under color of state law. Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001). The Fourth Circuit is clear that prisoners do not have a constitutional right of access to the grievance process. Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). Thus, the named the members of the grievance board, Reginald R. Mewborn, Kenneth Jones, Reginald E. Midgette, Bradley J. Bannon, must be dismissed. The allegations against them, do not assert a constitutional right. Plaintiffs entire claim against these individuals are that they were entitled to participate in the grievance procedure, but that they are not content with its resolution. There is no actionable claim against Reginald R. Mewborn, Kenneth Jones, Reginald E. Midgette, Bradley J. Bannon, and each of these defendants is DISMISSED from the action.

ii.   Plaintiffs' Motion for Appointment of Counsel and Addendum

As stated in the prior court order (D.E.# 13), there is no constitutional right to counsel in civil cases. Courts should exercise their discretion to request counsel for pro se civil litigants "only in exceptional circumstances." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975); Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. United States Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989). The existence of exceptional circum-

stances depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant, 739 F.2d at 163 (quotation omitted). This case does not present these exceptional circumstances. Further, North Carolina Prisoner Legal Services (NCPLS) has not conducted its order of investigate into the matter. While the court recognizes NCPLS initially represented its concern regarding a conflict of interest, this may have resolved and the court orders a second order of investigation. Therefore, the motion for appointment of counsel and addendum thereto (D.E. # 18 and # 31) is currently DENIED.

iii.  Plaintiffs' Motion to Expedite

The motion to expedite the case (D.E. # 16) is denied. Local Rule 40.1(d) allows for selected cases to be expedited by the judicial officer sua sponte or on motion of a party. However, nothing in the motion before the court necessitates rescheduling the priorities of this court's docket. This case will timely proceed in the ordinary course of practice. The motion is DENIED.

iv.  Plaintiffs' Motion for Relief

The "motion for relief" (D.E.# 25) filed by plaintiffs is an objection to the motion for an extension of time to file an answer (D.E. # 22). An order granting an extension of time was entered February 3, 2011 (D.E. # 23). Thus, the motion is DENIED as MOOT (D.E. # 25).

v.  Plaintiffs' Motion for Preliminary Injunction

As for plaintiffs' motion for a temporary restraining order and preliminary injunction (D.E. # 28), the substantive standard for granting a temporary restraining order is the same as the standard for entering a preliminary injunction. See, e.g., U.S. Dep't of Labor v. Wolf Run Mining Co., 452 F.3d 275, 281 n.1 (4th Cir. 2006). A court may grant a temporary restraining order or a preliminary injunction if the moving party demonstrates "that he is likely to succeed on the merits, that he is

4

likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, ___, 129 S. Ct. 365, 374 (2008). The irreparable harm must be likely, not a mere possibility. Id. at 375.

Plaintiffs have not established that they are likely to succeed on the merits, that they are likely to suffer irreparable harm absent injunctive relief, that the balance of equities tips in their favor, or that an injunction is in the public interest. Thus, plaintiffs have failed to meet his burden of proof. Accordingly, the court denies plaintiffs' motion for a temporary restraining order and/or preliminary injunction (D.E. # 28).

vi.  Plaintiffs' Motion to Compel

Plaintiffs' Motion to Compel (D.E. # 41) shall be reviewed with defendants' motion for protective order, infra.

vii  Plaintiffs' Motion for Entry of Default

Next, the court addresses the motions for default judgment (D.E. # 39 and # 46). An entry of default shall be made when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend" as required by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 55(a). Plaintiffs seek entry of default because defendants have not filed objections to certain motions. Default judgment does not pertain to filed motions, but parties to the action. The motions are DENIED.

viii.  Plaintiffs' Motion for Deposit of Funds in Interest Bearing Account

Plaintiffs' seek "to have interest accrue on funds deposited into the court registry by deposit of said funds into an interest bearing action." (D.E. 47) While Local Rule 67.1 does set out this

language, the rule applies to funds deposited with the court in a case. In the matter at hand, there are no funds for deposit and no funds for which this rule is currently applicable. For example, no judgment for plaintiff has been entered, nor have any parties deposited any funds regarding this case. The motion is DENIED.

ix.     Motion for Protective Order

On February 25, 2011, plaintiff Moneyhan served a document entitled "Plaintiffs' First Request for Production of Documents" on defendants' counsel. (docketed in this court on Feb. 28, 2011, D.E. #30) Plaintiffs have also filed other discovery requests and discovery related moitons with the court (D.E. # 33, 36, and 37). Under Rules 34(b)(2)(A) and 6(d) Fed. R. Civ. P., the time for responding to the February 25, 2001, request has expired as defendants admit. Plaintiff Moneyhan has filed a "Motion to Compel" (D.E. # 41) seeking for the court to compel defendants to respond to plaintiffs' discovery request. Due to excusable neglect of counsel, defendants shall be allowed to respond to plaintiffs' motion to compel without prejudice to them.

Further, it is well settled that defendants should not be subjected to the burden of discovery while their claim of qualified immunity is pending. Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). Defendants' Answers to Plaintiffs' Complaint and Amended Complaints raised the defense of qualified immunity. Having raised the affirmative defense of qualified immunity, Defendants are entitled to reasonable protection from plaintiffs' discovery requests until the court reviews the motions based on qualified immunity. Furthermore, defendants state that they "anticipate supplying Plaintiffs with the relevant portions of Plaintiffs' OPUS record, relevant medical records, relevant case management notes, and any relevant DOC policies and procedures and written records and documentation." Thus, the court DENIES the motion to compel (D.E. # 41) and ALLOWS the

motion for protective order (D.E. # 48). Defendants shall be given time to respond to the discovery requests after a determination regarding qualified immunity is made by the court.

Accordingly, plaintiffs' motion to expedite (D.E. # 16) is DENIED, plaintiffs' renewed motion for appointment of counsel and addendum thereto is DENIED (D.E. # 18 and # 31), plaintiffs' motion for relief is DENIED (D.E. # 25), plaintiffs' motion for preliminary injunction is DENIED (D.E. # 28), plaintiffs' request for documents is DENIED (D.E. # 30), plaintiffs' motion for entry of default is DENIED (D.E. # 39 and # 46), plaintiffs' motion to compel is DENIED (D.E. # 41), and plaintiffs' motion for deposit of funds in interest bearing account is DENIED (D.E. # 47). Defendants' motion for protective order (D.E. # 48) is GRANTED. Given the current posture of the case, the Clerk is DIRECTED to issue a second Order of Investigation.

SO ORDERED, this the _1__8_ day of July 2011.

TERRENCE W. BOYLE
United States District Judge